UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PLUMBERS AND FITTERS LOCAL UNION 101, | ) ) ) |
| and | ) ) |
| SCOTT DEITZ, DANIEL MCKENNA, MATT BIEKERT, JAMES LUGGE, GARY VASQUEZ, and ALBERT "E.J." ROSCOW, in their representative capacities as Trustees of the PLUMBERS AND FITTERS LOCAL 101 HEALTH AND WELFARE FUND, | ) ) ) ) ) ) ) ) Case No. ) ) |
| and | ) ) |
| SCOTT DEITZ, DANIEL MCKENNA, STEVE MEISTER, JAMES LUGGE, GARY VASQUEZ and ALBERT "E.J." ROSCOW, in their representative capacities as Trustees of the LOCAL 101 PENSION, SUPPLEMENTAL PENSION, AND SUPPLEMENTAL 401(k) PENSION FUNDS, | ) ) ) ) ) ) ) ) |
| and | ) ) |
| SCOTT DEITZ, DAVE BODEN, JEFF MITCHELL, JAMES LUGGE, and GARY VASQUEZ, in their representative capacities as Trustees of the PLUMBERS AND PIPEFITTERS LOCAL 101 JOINT APPRENTICE AND JOURNEYMAN TRAINING TRUST, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| EHRET, INC., an Illinois corporation, | ) ) ) ) |
| Defendant. | ) |

## **COMPLAINT**

For their cause of action against defendant, plaintiffs state as follows:

1. Jurisdiction of this cause of action and the parties to it is conferred upon this Court by subsections (a), (b), and (c) of Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185. Jurisdiction of this cause of action and the parties to it is also conferred by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f). Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

2. Plumbers and Fitters Local Union 101 ("Union") is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4), and maintains its principal offices in Belleville, Illinois.

3. The Plumbers and Fitters Local 101 Pension Fund, ("Pension Fund") the Plumbers and Fitters Local 101 Supplemental Pension Fund ("Supplemental Pension Fund"), Plumbers and Fitters Local 101 Supplemental 401(k) Pension Fund ("401k Fund"), the Plumbers and Fitters Local 101 Health and Welfare Fund ("Welfare Fund") and the Plumbers Local 101 Joint Apprentice and Journeyman Training Trust ("Training Fund") (collectively referred to as "Funds") are all employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and 1132(d)(1), and are multi-employer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). Plaintiffs Scott Deitz, Daniel McKenna, Steve Meister, James Lugge, Gary Vasquez and Albert "E.J." Roscow, constitute the Board of Trustees of both the Pension Fund, Supplemental Pension Fund and the Supplemental 401(k)

Pension Fund and are the plan sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1102(16)(B), and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1102(21)(A), with respect to those Pension Funds. Plaintiffs Scott Deitz, Daniel McKenna, Matt Biekert, James Lugge, Gary Vasquez and Albert "E.J." Roscow constitute the Board of Trustees of the Welfare Fund and are the plan sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that Welfare Fund. Plaintiffs Scott Deitz, Dave Boden, Jeff Mitchell, James Lugge and Gary Vasquez constitute the Board of Trustees of that Training Fund and are the plan sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B) and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A) with respect to that Training Fund. All of the Funds are administered in Belleville, Illinois.

    4.  Defendant Ehret, Inc. is organized and operating under the laws of the State of Illinois and is an employer within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and maintains offices and conducts business within this judicial district. Defendant is engaged in an industry affecting commerce within the meaning of Sections 2(2), (6), and (7) of the NLRA, 29 U.S.C. §§152(2), (6) and (7).

    5.  At all times material, defendant was party to and bound by collective bargaining agreements with the Union.

    6.  Under the terms of the collective bargaining agreements, defendant has been and is obligated to make monthly reports on all covered employees in its employ showing the number of hours worked and the gross wages of each employee, to contribute on a monthly basis to the Funds, to the Great Southwestern Illinois Association of Plumbing, Heating and Cooling

Contractors, the Great Southwestern Plumbing, Heating, Cooling Mechanical Contractors Substance Abuse Policy Trust Fund, and the Great Southwestern Plumbing, Heating, Cooling, Mechanical Contractors – UA Safety Education and Training Trust Fund, to remit its employees' contributions to the Supplemental Pension Plan, to remit union dues to the Union, and to pay employees covered by the collective bargaining agreements wages at specified rates. The Funds and the Trustees are third-party beneficiaries of the collective bargaining agreements.

7. Defendant has failed to submit its monthly fringe benefit reports and contributions.

8. Plaintiffs have demanded the payments, to no avail.

9. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is liable to plaintiffs for all unpaid principal amounts. In addition, pursuant to Section 16 of the collective bargaining agreements and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is liable for interest on amounts it has paid and may pay in an untimely manner. Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), the defendant is liable for liquidated damages on amounts it has paid and may pay in an untimely manner.

10. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is also liable to pay to plaintiffs the reasonable attorneys' fees, accounting fees, and costs incurred by plaintiffs in connection with this action.

11. Defendant by its breaches of the collective bargaining agreements in violation of Section 515 of ERISA, 29 U.S.C. §1145, has caused and will continue to cause plaintiffs to incur reasonable legal, administrative, bookkeeping, and accounting fees and costs.

12. The plaintiffs cannot ascertain the precise amount of the delinquencies of defendant, absent an audit and accounting.

13. Plaintiffs have no adequate remedy at law.

**WHEREFORE,** plaintiffs pray:

(a) For a judgment against defendant for delinquent contributions;

(b) For an interlocutory order of accounting requiring defendant to submit its books and records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs;

(c) For a judgment against defendant based upon the findings of the audit;

(d) For an order requiring defendant to make payments in the future to the employee benefit funds in accordance with the terms and provisions of the collective bargaining agreements, and such collective bargaining agreements as may be negotiated and executed in the future;

(e) For interest, liquidated damages, costs, accounting fees, and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

(f) For such other and further relief as the Court may consider appropriate under the circumstances.

 

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, Missouri 63131
Phone: (314) 727-1015
Fax:     (314) 727-6804


    s/ Greg A. Campbell
GREG A. CAMPBELL, 2774
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220, this 22nd day of November, 2017.

                                                                              s/ Greg A. Campbell